**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CIRO GONZALEZ,<br><br>    Plaintiff<br><br>v.<br><br>ELKO COUNTY PUBLIC DEFENDNER'S OFFICE, MATTHEW PENNELL, NESTOR MARICAL,<br><br>    Defendants | Case No.: 3:24-cv-00341-ART-CSD<br><br>**Report & Recommendation of United States Magistrate Judge** |

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff, who is a detainee in the Elko County Jail, has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

Plaintiff's complaint checks the box as being filed pursuant to 42 U.S.C. § 1983. 42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted).

Plaintiff sues the Elko County Public Defender's Office and Public Defenders Matthew Pennell and Nestor Marcial. Essentially, Plaintiff asserts that his appointed Public Defenders have refused to get video evidence he believes will help his case and tried to force him to sign a plea deal.

Preliminarily, a public defender when acting in role of advocate is not a State actor for purposes of section 1983. *See Georgia v. McCollum,* 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008).

Moreover, Plaintiff does not assert that these Defendants violated his constitutional rights. Instead, he states that he does not want these lawyers representing him in his criminal case any longer. These are issues that Plaintiff must raise directly in his criminal case in Elko, not via a section 1983 lawsuit in federal court, or even a habeas action in federal court.

For these reasons, this action should be dismissed without prejudice, and Plaintiff's IFP application should be denied as moot.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITHOUT PREJUDICE** so Plaintiff may raise his concerns directly in his criminal case in Elko and **DENYING AS MOOT** his IFP application (ECF No. 1-1).

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

///
///
///
///

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: September 16, 2024

_____
Craig S. Denney
United States Magistrate Judge