UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CIRO GONZALEZ,<br><br>    Plaintiff<br><br>v.<br><br>ELKO COUNTY PUBLIC DEFENDER'S OFFICE, et al.,<br><br>    Defendants | Case No.: 3:24-cv-00341-ART-CSD<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF Nos. 4, 5 |

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff, who is a detainee at the Elko County Jail, filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1). Plaintiff sued the Elko County Public Defender's Office and Public Defenders Matthew Pennell and Nestor Marcial, alleging they refused to get video evidence that he believes will help his criminal case and tried to force him to sign a plea deal.

On September 16, 2024, the court issued a report and recommendation advising Plaintiff that a public defender, when acting in the role of an advocate, as Plaintiff alleges, is not a State actor for purposes of a lawsuit under 42 U.S.C. § 1983. In addition, Plaintiff did not allege a violation of his constitutional rights. Instead, he indicated he did not want these lawyers representing him in his criminal case any longer. The court recommended dismissal of the action without prejudice as these are issues that Plaintiff must raise directly in his criminal case in Elko,

and not in a section 1983 lawsuit or even a habeas action in federal court. As such, it was also recommended that the application to proceed IFP be denied as moot. (ECF No. 3.)

Plaintiff did not file an objection to the report and recommendation. Instead, on October 11, 2024, he filed an amended complaint and another IFP application. (ECF Nos. 4, 5.)

The amended complaint names Matthew Pennel, Nestor Marcial, and Lauren Gorman. The basis for jurisdiction is listed as 28 U.S.C. § 636(b)(1)(B) and Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B) and Local Rule IB 1-4 are not a basis for federal court jurisdiction, but they give the district judge authority to designate a magistrate judge to conduct hearings and submit proposed findings of fact and recommendations for the disposition by a district judge.

Like the original complaint, the amended complaint alleges that Public Defender Matthew Pennel refused to hire a private investigator in his case or obtain video evidence to assist with Plaintiff's criminal case. After the court would not accept Plaintiff's plea deal while he was represented by Pennell, Nestor Marcial was appointed as Plaintiff's lawyer. Plaintiff avers that Marcial also refused to get Plaintiff the video evidence and tried to get him to sign the plea deal. Plaintiff told Marcial he wants to go to trial. Marcial told him that he could not take the case to trial because of his lack of experience. Marcial was then dismissed from his case, and attorney Lauren Gorman was appointed as his lawyer. He told Lauren Gorman he did not want to accept the plea deal, and he wanted to subpoena the video evidence and hire a private investigator. She allegedly told Plaintiff the videos may no longer exist. Plaintiff requested the video evidence again. Lauren Gorman withdrew as his attorney after only 21 days, and she told Plaintiff she would withdraw if he did not agree to the plea deal.

Once again, a public defender such as Mr. Pennel or Mr. Marcial, or even a private attorney, acting in the role of advocate as Plaintiff alleges in the amended complaint, is not a

State actor for purposes of section 1983. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008).

To the extent Plaintiff is asserting a claim under the Sixth Amendment for ineffective assistance of counsel in his underlying criminal case, such a claim must be raised in his ongoing criminal proceeding, and if he is convicted, in a direct appeal, post-conviction or habeas proceeding in State court. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Morgano v. Smith*, 879 P.2d 735 n. 3, 110 Nev. 1025 (1994) (where a claim is "based primarily on the ineffective assistance of counsel, post-conviction proceedings, rather than civil proceedings, provide such litigants a more appropriate forum to present their claims"); Nev. Rev. Stat. 34.810(1)(b); Nev. Rev. Stat. 34.720, *et. seq.*; *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973); 28 U.S.C. §§ 2241-66 (where a state habeas remedy is available, a plaintiff cannot seek federal habeas relief until he has first sought and been denied habeas relief in state court).

For these reasons, Plaintiff's amended complaint should be dismissed without prejudice and his second IFP application denied as moot.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** the amended complaint (ECF No. 4.) **WITHOUT PREJUDICE** so Plaintiff may raise these issues, in the first instance, in the State court with respect to his criminal proceeding in Elko.

IT IS FURTHER RECOMMENDED that Plaintiff's second IFP application (ECF No. 5) be **DENIED AS MOOT**.

This action should be closed, and Plaintiff should be advised not to file any further pleadings in this closed action.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: October 16, 2024

_____
Craig S. Denney
United States Magistrate Judge