UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CIRO GONZALEZ,<br><br>             Plaintiff,<br>  v.<br><br>ELKO COUNTY PUBLIC DEFENDER'S OFFICE, et al.,<br><br>             Defendants. | Case No 3:24-cv-00341-ART-CSD<br><br>ORDER ON REPORT & RECOMMENDATION OF MAGISTRATE JUDGE<br>(ECF Nos. 1, 3, 5, 6, 7.) |

Plaintiff Ciro Gonzales brings this action against Defendants Matthew Pennell, Nestor Marcial, and Lauren Gorman, who are his counsel in his state court criminal proceeding.[1] Plaintiff makes several allegations against Defendants related to their handling of his state court criminal proceeding.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 1), and a complaint (ECF No. 1-1). Magistrate Judge Craig S. Denney issued a Report and Recommendation (R&R) recommending dismissal of Plaintiff's claims without prejudice (ECF No. 3). Plaintiff did not object to the R&R, but filed an amended complaint (ECF No. 4) and a second application to proceed in forma pauperis (ECF No. 5). Judge Craig S. Denney issued a second R&R recommending dismissal of the claims in Plaintiff's amended complaint. (ECF No. 6). Plaintiff has not objected to the R&R. Plaintiff also subsequently filed a motion to "set judges in civil case up [to] see video evidence" (ECF No. 7).

**I.    Review of Reports & Recommendations**

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate

---

[1] Plaintiff's original complaint listed Elko County Public Defender's Office, Matthew Pennell, and Nestor Marcial as Defendants.

1

judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). As Plaintiff here has not objected to Judge Denney's R&R, the Court is not required to conduct review. Nonetheless, for the reason's below, the Court agrees with and adopts Judge Denney's recommendation.

## II. Analysis

In his Amended complaint, Plaintiff brings allegations related to his counsel's handling of his state court criminal proceeding. The Court adopts the Magistrate Judge's recitation of Plaintiff's allegations:

Like the original complaint, the amended complaint alleges that Public Defender Matthew Pennel refused to hire a private investigator in his case or obtain video evidence to assist with Plaintiff's criminal case. After the court would not accept Plaintiff's plea deal while he was represented by Pennell, Nestor Marcial was appointed as Plaintiff's lawyer. Plaintiff avers that Marcial also refused to get Plaintiff the video evidence and tried to get him to sign the plea deal. Plaintiff told Marcial he wants to go to trial. Marcial told him that he could not take the case to trial because of his lack of experience. Marcial was then dismissed from his case, and attorney Lauren Gorman was appointed as his lawyer. He told Lauren Gorman he did not want to accept the plea deal, and he wanted to subpoena the video evidence and hire a private investigator. She allegedly told Plaintiff the videos may no longer exist. Plaintiff requested the video evidence again. Lauren Gorman withdrew as his attorney after only 21 days, and she told Plaintiff she would withdraw if he did not agree to the plea deal.

Judge Denney's R&R (ECF No. 6) recommended dismissal of the claims in

1  Plaintiff's amended complaint for two reasons: first, because a public defender or
2  private attorney acting in the role of an advocate is not a state actor for the
3  purposes of section 1983. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk
4  County v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513 F.3d
5  1057, 1079 (9th Cir. 2008). Second, Judge Denney recommended dismissal
6  because to the extent Plaintiff is asserting a claim for ineffective assistance of
7  counsel in a criminal proceeding, he must raise this claim in his ongoing criminal
8  proceeding, or if he is convicted, on direct appeal, post-conviction, or habeas
9  proceeding in state court. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004);
10 *Morgano v. Smith*, 879 P.2d 735 n. 3, 110 Nev. 1025 (1994); Nev. Rev. Stat.
11 34.810(1)(b); Nev. Rev. Stat. 34.720, *et. seq.*; *Preiser v. Rodriguez*, 411 U.S. 475,
12 477 (1973); 28 U.S.C. §§ 2241-66.

The Court agrees with Judge Denney's analysis. The Court therefore adopts in full Judge Denney's R&R. The Court dismisses Plaintiff's amended complaint without prejudice, so that Plaintiff may raise these claims in his ongoing criminal proceeding, or if he is convicted, on direct appeal, post-conviction, or habeas proceeding in state court. As the Court is dismissing all of Plaintiff's claims, Plaintiff's motion to "set judges in civil case up [to] see video evidence" (ECF No. 7) is moot.

### III. Conclusion

It is therefore ordered that Judge Denney's first Report and Recommendation (ECF No. 3) is DENIED AS MOOT.

It is further ordered that Judge Denney's second Report and Recommendation (ECF No. 6) is ADOPTED.

It is further ordered that Plaintiff's amended complaint (ECF No. 4) is DISMISSED WITHOUT PREJUDICE.

It is further ordered that both Plaintiff's original IFP application (ECF No. 1) and Plaintiff's second IFP application (ECF No. 5) are DENIED AS MOOT.

It is further ordered that Plaintiff's motion to "set judges in civil case up [to] see video evidence" (ECF No. 7) is DENIED AS MOOT.

Dated this 8th day of November, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE